```
              IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

RYAN QUINCY PUGH, #09494-043                          PETITIONER

VS.                          CIVIL ACTION NO. 5:11-cv-74(DCB)(RHW)

BRUCE PEARSON, Warden                                 RESPONDENT

<u>ORDER</u>

This cause is before the Court on the petitioner Ryan Quincy Pugh's Motion for Relief from a Judgment or Order, Pursuant to Federal Rule of Civil Procedure 60(b) **(docket entry 15)**.  Having carefully considered the motion, as well as the record in this case, and being fully advised in the premises, the Court finds as follows:

On August 8, 2012, Magistrate Judge Robert H. Walker entered a Report and Recommendation, recommending denial of the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The Report and Recommendation, which was delivered to the petitioner (see Return Receipt, docket entry 12), contained the following warning:

> Pursuant to Rule 72(a)(3), Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi (Dec.1, 2011), after service of a copy of this Report and Recommendation, each party has fourteen days to serve and file written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the

objection.

> An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects; the District Court need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he did not object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Report and Recommendation, p. 7 (docket entry 11).

On September 25, 2012, this Court adopted the Report and Recommendation, and Judgment was entered denying the petitioner's petition and dismissing this case with prejudice. The petitioner did not file a timely notice of appeal, nor did he file a timely motion for relief under Fed.R.Civ.P. 59(e). The present motion was filed on March 18, 2013, almost six months after entry of judgment.

Pugh brings his motion specifically under Rule 60(b)(6), which provides that "the court may relieve a party ... from a final judgment ... for ... any other reason that justifies relief." Fed.R.Civ.P. 60(b)(6). In Newman v. Clarion Hotel @ Los Angeles Int'l Airport, 2008 WL 3895907 (W.D. La., Aug. 20, 2008), the district court described the purpose of Rule 60(b)(6):

> This clause is used to cover unforeseen contingencies; it is a means for accomplishing justice in exceptional circumstances. Steverson v. GlobalSantaFe Corp., 508 F.3d 300, 303 (5th Cir. 2007). The rule should be liberally construed in order to achieve substantial justice, but courts must also be mindful that "final judgments should not lightly be disturbed." Id. at [305]

(quoting <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 402 (5th Cir. 1981). The mere fact that a judgment is erroneous is insufficient to justify relief under Rule 60(b)(6). <u>Ackermann v. United States</u>, 340 U.S. 193 (1950); <u>Elgin Nat. Watch Co. v. Barrett</u>, 213 F.2d 776, 779-80 (5th Cir. 1954).

<u>Id</u>. at * 1.

Rule 60(c) requires that a Rule 60(b)(6) motion "be made within a reasonable time." Fed.R.Civ.P. 60(c)(1). What constitutes a "reasonable time" depends on the facts of the case, "taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the prejudice to other parties." <u>Travelers Ins. Co. v. Liljeberg Enters., Inc.</u>, 38 F.3d 1404, 1410 (quoting <u>Ashford v. Steuart</u>, 657 F.2d 1053, 1055 (9th Cir. 1981)). The petitioner gives no reason for his delay, nor does he allege an inability to assert his grounds for relief earlier (in fact, he raised substantially the same grounds for relief in both his petition and rebuttal memorandum).

When the moving party has failed to appeal the judgment challenged in the Rule 60(b) motion, "the usual time period for direct appeal presumptively delimits, as a matter of law, the 'reasonable time' contemplated by Rule 60(b)." <u>Pryor v. U.S. Postal Serv.</u>, 769 F.2d 281, 288 (5th Cir. 1985). "In such cases, a Rule 60(b) motion filed after the time for appeal has lapsed is untimely unless the moving party shows good cause for the later filing." <u>Groden v. Allen</u>, 2009 WL 1437834, *6 (N.D. Tex., May 22,

2009)(citing Pryor, 769 F.2d at 288).  The determination of whether there is good cause is made by the court "on a case-by-case basis." In re Osborne, 379 F.3d 277, 283 (5th Cir. 2004).  "What amounts to 'good cause' under any particular set of circumstances is necessarily fact-sensitive." Lindsey v. U.S. R.R. Retirement Bd., 101 F.3d 444, 446 (5th Cir. 1996)(discussing good cause in the context of Fed.R.Civ.P 4(m)).  In this case, however, the petitioner makes no allegations whatsoever concerning good cause.

Rule 60(b)(6) is not available when the movant has voluntarily, deliberately, and freely chosen not to appeal. Ackermann v. United States, 340 U.S. 193, 199-200 (1950).  A Rule 60(b) motion "is not a substitute for appeal, and it is ordinarily not available to one who fails to appeal." Fackelman v. Bell, 564 F.2d 734, 737 (5th Cir. 1977).  In Klapprott v. United States, the Supreme Court found that Rule 60(b)(6) could be available despite a failure to appeal if "extraordinary circumstances" could be shown.  335 U.S. 601, 615 (1949); however, Pugh has failed to make a showing of good cause, and has therefore failed to show "extraordinary circumstances."  See Groden, 2009 WL 1437834, *7 n.4 ("Because [petitioner] has not shown good cause for filing his Rule 60(b) motion outside the time for appeal, he has necessarily not made the more difficult showing of 'extraordinary circumstances' within the meaning of Klapprott to obtain relief under Rule 60(b)(6).").

The petitioner himself is responsible for the delay.  He made no attempt to file his motion until well after the time for appeal had expired – even though he knew the factual basis for his motion before the Court entered the judgment against him.   Pugh waited almost six months to file his motion, clearly an unreasonable amount of time.  See <u>Frazier v. Brd. of Trustees of Northwest Miss. Reg. Med. Cntr.</u>, 765 F.2d 1278, 1292 (5th Cir. 1985)(finding that "five months was hardly a 'reasonable time'" to contest the district court's order pursuant to Rule 60(b)(6)).

The present motion is untimely.  In addition, a motion for reconsideration cannot be used to relitigate old matters, raise arguments or present evidence that could have been raised prior to the entry of judgment.  Finally, the petitioner fails to show any "other reason that justifies relief" under Fed.R.Civ.P. 60(b)(6).

For the foregoing reasons, exceptional circumstances are not present and relief under Rule 60(b)(6) is not warranted. Accordingly,

IT IS HEREBY ORDERED that the petitioner Ryan Quincy Pugh's Motion for Relief from a Judgment or Order, Pursuant to Federal Rule of Civil Procedure 60(b) **(docket entry 15)** is DENIED.

SO ORDERED, this the 8th day of August, 2013.


                                        /s/ David Bramlette
                                        UNITED STATES DISTRICT JUDGE



                                        5